**Davis Polk**

Tatiana Martins
+1 212 450 4085
tatiana.martins@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

January 24, 2024

**VIA ECF**

The Honorable John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street,
New York, NY 10007

Re: *City of Ouro Preto v. Merrill Lynch, Pierce, Fenner & Smith Inc, et al.*, 1:23-cv-8139 (S.D.N.Y.);
   *Antonio Pereira Ass'n v. Merrill Lynch, Pierce, Fenner & Smith Inc, et al.*, 1:23-cv-8160 (S.D.N.Y.)

Dear Judge Cronan:

We represent Merrill Lynch, Pierce, Fenner & Smith Inc. in connection with the above referenced matters (the "Actions") and write jointly on behalf of all plaintiffs and defendants (the "Parties") in response to the Court's order dated January 3, 2024, instructing the Parties to submit a joint letter regarding a potential stay of discovery. For the reasons set forth below, and as contemplated by Local Civil Rule 26.4(a), the Parties respectfully request that the Court issue a formal order staying discovery during the pendency of defendants' forthcoming *forum non conveniens* motion.

Under Federal Rule of Civil Procedure 26(c), this Court has "considerable discretion to stay discovery" upon showing of good cause. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). In exercising that discretion, Courts routinely consider "the particular circumstances and posture" of the case at the time the stay is requested. *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 CIV 2437, 2008 WL 11510668, at *2 (S.D.N.Y. June 12, 2008) (quoting *Hachette Distrib., Inc. v. Hudson Cnty. News Co. Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Even on disputed motions, courts routinely stay discovery while the parties brief threshold issues—including *forum non conveniens* motions—that could have significant implications for the litigation, including whether the litigation will remain in its original court at all. *See, e.g., Ziga et al v. Int'l Center for Transitional Justice Inc.*, ECF No. 44, No. 1:18-cv-00057 (S.D.N.Y. Jan. 29, 2019) (staying discovery pending resolution on forthcoming *forum non conveniens* motion); *Gross v. Madison Square Garden Ent. Corp.*, No. 23 CV 3380, 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023) (staying discovery during the pendency of a motion to dismiss); *Marsh & McLennan Agency LLC v. Williams*, No. 22 CIV 8920, 2023 WL 2242074, at *2 (S.D.N.Y. Feb. 27, 2023) (same); *O'Sullivan v. Deutsche Bank AG*, No. 17 CIV 8709, 2018 WL 1989585, at *10 (S.D.N.Y. Apr. 26, 2018) (same)*; Brooks v. Macy's, Inc.*, No. 10 CIV 5304, 2010 WL 5297756, at *3 (S.D.N.Y. Dec. 21, 2010) (same); *Picture Pats., LLC v. Terra Holdings LLC*, No. 07 CIV 5465, No. 07 CIV 5567, 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008) (same).

As the Parties set forth in their letters submitted on December 18, 2023 (defendants) and December 21, 2023 (plaintiffs), the resolution of the *forum non conveniens* issue as a threshold issue promotes judicial efficiency. *See* ECF Nos. 52 and 53, *City of Ouro Preto v. Merrill Lynch*, No. 1:23-cv-8139 (S.D.N.Y.); ECF Nos. 79 and 80, *Antonio Pereira Ass'n v. Merrill Lynch*, No. 1:23-cv-8160 (S.D.N.Y.). Because the resolution of the forthcoming motion has the potential to "eliminate[] the issues remaining" for this Court to resolve, or otherwise impact the scope of any discovery, the Parties are aligned that discovery is not necessary at this time. *See HAHA Glob., Inc. v. Barclays*, No. 1:19-cv-04749, 2020 WL 832341, at *3 (S.D.N.Y. Feb. 20, 2020) (quoting *Rivera v. Heyman*, No. 96 CIV 4489, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997)). However, if, during the pendency of the forthcoming motion, either party sees a need for

# Davis Polk

discovery specific to issues related to *forum non conveniens*, the Parties wish to preserve their right to seek leave of court to engage in discovery on that limited basis.  This is consistent with previous rulings by this District.  *See, e.g.*, *Niv v. Hilton Hotels Corp.*, No. 06 CIV 7839, 2007 WL 510113, at *5–*9 (S.D.N.Y. Feb. 15, 2007) (allowing discovery into *forum non conveniens* issues during pendency of motion).  The Parties likewise reserve the right to oppose any such request for leave to seek limited discovery.

Accordingly, the Parties respectfully request that the Court order a stay of discovery pending the resolution of the defendants' *forum non conveniens* motion.

Very truly yours,

By:   /s/ Tatiana R. Martins
      Name:  Tatiana Martins

**Davis Polk & Wardwell LLP**
*Attorneys for Defendant Merrill Lynch, Pierce, Fenner & Smith*

The request is granted.  Discovery in this case is stayed pending resolution of Defendants' forthcoming motion to dismiss for *forum non conveniens*. *See* Dkt. 54.

SO ORDERED.
Date: January 26, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge

**Jones Day**
*Attorneys for Defendant J.P. Morgan Securities LLC*

By:   /s/ Laura Washington Sawyer
      Name:  Laura Washington Sawyer

**Milberg LLP**
*Attorneys for Plaintiffs City of Ouro Preto; Antonio Pereira Association*

By:   /s/ Alex R. Straus
      Name:  Alex R. Straus

**Mayer Brown LLP**
*Attorneys for Defendant Citigroup Global Markets Inc.*

By:   /s/ Matthew D. Ingber
      Name:  Matthew D. Ingber

**Shearman & Sterling LLP**
*Attorneys for Defendant Barclays Capital Inc.*

By:   /s/ Adam S. Hakki
      Name:  Adam S. Hakki